IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**PERRY HARSTON**                                                                                          **PLAINTIFFS**

v.                                             Case No. _____

**BECTON, DICKINSON AND COMPANY; AND**
**C.R. BARD, INC.**                                                                                        **DEFENDANTS**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendants Becton, Dickinson and Company and C.R. Bard, Inc. (collectively "Defendants"), hereby remove this action from the Circuit Court of Garland County, Arkansas, where it is pending as Case No. 26CV-21-285, to the United States District Court for the Western District of Arkansas, Hot Springs Division.  In support of removal, Defendants state:

1. Plaintiff Perry Harston filed this action in the Circuit Court of Garland County, Arkansas, on April 2, 2021.

2. Defendants received a copy of the summons and complaint on April 14, 2021.

3. In accordance with 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders served in this matter as **Exhibit 1** to this Notice of Removal.  No other process, pleading, or order has been served upon Defendants in the state-court action.

4. Venue of this removal is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Western District of Arkansas, Hot Springs Division, is the District Court that has jurisdiction over cases in Garland County, where the state-court action is currently pending. *See* 28 U.S.C. § 83.

5. "Diversity jurisdiction has two requirements: complete diversity of citizenship of the adverse parties, . . . and an amount in controversy exceeding $75,000. *Turntine v. Peterson*, 959 F.3d 874, 880 (8th Cir. 2020) (citations omitted).

6. The United States District Court for the Western District of Arkansas has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.[1]

7. A court may look to the face of the complaint alone to determine the amount in controversy, *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945–46 (8th Cir. 2012) (citation omitted), and "[a] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). A defendant's allegations regarding the amount in controversy are presumed correct. *See id*.

8. Plaintiff pleads that the amount in controversy is "in excess of the minimum limits of jurisdiction for Federal Court." **Exhibit 1, Compl., ¶ 13**.

9. The amount in controversy, therefore, exceeds $75,000, exclusive of interest and cost.

10. This matter is between citizens of different states and there is complete diversity.

---

[1] After removal, Defendants intend to seek transfer of this action to *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation,* Case No. 2:18-md-2846, MDL No. 2846 (S.D.OH) ("MDL 2846"), because this case is one of many that have been filed in both federal and state courts across the country involving C. R. Bard's hernia repair devices made, at least in part, with polypropylene, including the product at issue in this action. This action belongs in MDL 2846 to facilitate judicial economy and coordinated pretrial proceedings, and, because there are other similar cases in the MDL, including cases with plaintiffs represented by the same counsel as Plaintiff here.

11. The citizenship of an individual is determined by the individual's place of domicile. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). The citizenship of a corporation is determined by its state of incorporation and location of its principal place of business. 28 U.S.C. § 1332(c)(1); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

12. As alleged in the Complaint, Plaintiff is a citizen of the state of Arkansas. *See* **Exhibit 1, Compl., ¶ 3**.

13. When the Complaint was filed and on the date of filing this Notice of Removal, Becton, Dickinson and Company was a New Jersey corporation with its principal place of business in New Jersey. *See* **Exhibit 1, Compl., ¶ 4**.

14. When the Complaint was filed and on the date of filing this Notice of Removal, C.R. Bard, Inc. was a New Jersey corporation with its principal place of business in New Jersey. *See* **Exhibit 1, Compl., ¶ 5**.

15. Thus, there is complete diversity of citizenship between the parties.

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because Defendants are filing this Notice of Removal within 30 days of their receipt of the Plaintiff's complaint. *See* 28 U.S.C. § 1446(b)(3). Furthermore, the Notice of Removal is being filed within one year from the date of Plaintiff's commencement of this action. 28 U.S.C. § 1446(c)(1).

17. Defendants, upon filing this notice of removal, are filing a copy of this notice of removal with the Clerk of the Circuit Court for Garland County, Arkansas, which has effected this removal in accordance with 28 U.S.C. § 1446(d).

18. Written notice of removal is being served upon Plaintiffs in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Becton, Dickinson and Company and C.R. Bard, Inc. hereby remove this action to this Court and pray that this Court exercise jurisdiction over this matter and grant to Defendants all proper relief to which they are entitled.

                                              QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jmader@qgtlaw.com


By: /s/ E. Jonathan Mader
     E. Jonathan Mader (2020180)

*Attorney for Becton, Dickinson and Company and C.R. Bard, Inc.*

## CERTIFICATE OF SERVICE

On this 19th day of April 2021 a true and correct copy of the foregoing was served *via* United States Mail, postage prepaid, and electronic mail on the following:

David A. Hodges
212 Center Street, Fifth Floor
Little Rock, AR 72201
Telephone: (501)374-2400
Facsimile: (501)374-8946
E-mail: david@hodgeslaw.com

Phillip Allen
116 South 4th Street
P.O. Box 2602
West Helena, AR 72390
Telephone: (870)572-6065
Facsimile: (870)572-4265
E-mail: phillipallen@suddenlinkmail.com

*Attorneys for Plaintiff*


/s/ E. Jonathan Mader
E. Jonathan Mader