ELECTRONICALLY FILED
Garland County Circuit Court
Jeannie Pike, Garland Co. Circuit Court Clerk
2021-Apr-02 16:38:12
26CV-21-285
C18ED01 : 6 Pages

IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
CIVIL DIVISION

**PERRY HARSTON**                                                                 **PLAINTIFF**

**VS.**                       **NO.** _____

**BECTON, DICKINSON and COMPANY; and
C.R. BARD, INC.**                                                              **DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, Perry Harston, by and through his attorney, David A. Hodges, and for his cause of action against Defendants, Becton, Dickson, and Company and C.R. Bard, Inc. and states and alleges as follows:

### JURISDICTION AND VENUE

1.  The Circuit Court of Garland County, Arkansas has jurisdiction of this case because of the fact that Plaintiff is seeking damages against the Defendant in this civil proceeding thereby giving this Court jurisdiction under Ark. Const. Art. 7 § 11 and Ark. Code Annotated § 16-13-201.

2.  The Venue for this action is in Garland County, Arkansas pursuant to the provisions of the General Venue Statute, Ark. Code Annotated § 16-60-101 and Ark. Code Ann. § 16-55-213 (Civil Justice Reform Act of 2003).

**EXHIBIT 1**

## PARTIES

3. Plaintiff, Perry Harston, is an adult resident of the State of Arkansas, who currently resides at 104 Brookmoor Lane, Hot Springs National Park, Arkansas 71913.

4. Defendant, Becton, Dickinson and Company, is a medical technology company. Upon information and belief, Defendant's principal place of business is located at 1 Becton Drive, Franklin Lakes, New Jersey 07417. The agent for service of process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

5. Defendant C.R. Bard, Inc., is a manufacturer of medical technologies and subsidiary of Becton, Dickinson and Company. Upon information and belief, Defendant's principal place of business is located at 730 Central Avenue, New Providence, New Jersey 07974. The agent for service of process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

## FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

6. In approximately 2007, Plaintiff had a Kugel hernia mesh manufactured by Defendant C. R. Bard, Inc. surgically implanted.

7. On August 2, 2020, Plaintiff was admitted to the hospital due to abdominal pain.

8. On August 6, 2020, the Kugel hernia mesh was surgically removed from Plaintiff, along with portions of Plaintiff's small intestine due to blockage and infection caused by the Kugel hernia mesh.

9. Plaintiff was discharged from the hospital on September 5, 2020, and has continued to receive treatment and surgeries caused by the Kugel hernia mesh.

## COUNT I

10. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs no. 1 through 9, inclusive of the Complaint as part of this Count.

11. The injuries and damages complained of by Plaintiff was caused by the use of the Kugel hernia mesh and Defendants are guilty of negligence, which consists of but is not limited to, the following which negligence was a proximate cause of the alleged injuries and damages, viz.:

   a. Negligently failed to design, manufacture, and construct the hernia mesh to prevent the risks associated with Defendants' hernia mesh;

   b. Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying of the hernia mesh with features which were harmful and/or defective;

   c. Failing to properly and adequately design, fabricate, manufacture, sell, label, distribute, and/or supply the hernia mesh in an adequate and safe condition for users such as the Plaintiff;

    d.    Failing to provide, establish, and/or follow proper and adequate quality control methods so as to provide a safe product;

    e.    Failing to design, fabricate, manufacture, sell, label, distribute, and/or supply and/or safely develop and test their product in order to insure or safeguard against the inherent dangers of the product or to provide a safe product;

    f.    Concealing from, and/or failing to disclose to purchasers, and other similarly situated, that the vehicle was defectively and/or unreasonably designed, and was unreasonably dangerous, thereby making it dangerous to use;

    g.    Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying the hernia mesh without adequate warnings, cautions, and/or directions concerning the dangers and limitations of their product;

    h.    Failing to warn of the inherent and latent defects in the hernia mesh which made it dangerous and unsafe for its intended use;

    i.    Failing to make necessary modifications to the hernia mesh when Defendants knew or should have known that the conditions of the hernia mesh could be prevented by the incorporation of certain redesigns;

    j.    Such other acts or omissions which constitute negligence as they appear during the course of the proceeding in the case.

## **DAMAGES**

12.    Plaintiff sustained injuries and damages, which injuries and damages consist of, but are not limited to the following, viz.:

    a.    Permanent partial impairment;

    b.    Past and future medical expense;

      c.    Past and future pain and suffering;

      d.    Past and future mental anguish;

      e.    Loss of ability to earn in the future;

      f.    Past and future lost wages;

      g.    Scars, disfigurement, and other visible results of Plaintiff's injuries;

      h.    Other damages that will be more particularly described during the course of the litigation.

13. Plaintiff demands judgement against Defendants for a sum in excess of the minimum limits of jurisdiction for Federal Court, costs and all other relief to which the Plaintiff may be entitled.

### JURY DEMAND

14. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

                **PERRY HARSTON, PLAINTIFF**

                **By: /s/ DAVID A. HODGES**
                      DAVID A. HODGES
                      Attorney at Law
                      212 Center Street, Fifth Floor
                      Little Rock, Arkansas 72201-2429
                      Arkansas Bar No. 65021
                      Telephone: (501) 374-2400
                      Facsimile:  (501) 374-8926
                      E-Mail:  david@hodgeslaw.com

                **And**

                              **Phillip Allen**
                              **Attorney at Law**
                              **116 South 4th Street**
                              **P.O. Box 2602**
                              **West Helena, AR 72390**
                              **Telephone: 870-572-6065**
                              **Facsimile:  870-572-4265**
                              **E-Mail:** phillipallen@suddenlinkmail.com